# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Filed Under Seal |
| v. | CASE NO. 6:26-cr-10039-EFM |
| **JUSTIN LANE, and**<br>**SAUNTSYE D. LOVE,** | |
| Defendants. | |

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 846]**

Beginning on a date unknown and continuing through November 13, 2025, in the District of Kansas, and elsewhere, the defendant,

**JUSTIN LANE,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of marijuana, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 2

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 338 N. Mead St. in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 3

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 3108 W. 13th Street North in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 4

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

Beginning on or about a date unknown to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did knowingly possess a firearm (a Glock, Model 19 (Gen 5), 9x19 caliber pistol) in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 240 S. West Street, Suite 30, in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 1115 W. Douglas in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 7

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

Beginning on or about a date unknown to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did knowingly possess a firearm (a Kel-Tec CNC Inc., PMR-30 .22 magnum caliber pistol) in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 8

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 5255 N. Maize Rd., Suite 103, in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 9

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on a date unknown, to the Grand Jury, and continuing through November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

did unlawfully and knowingly use and maintain a place located at High Hopes ICT, 307 S. Greenwich in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, marijuana.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 10

### DISTRIBUTION OF MARIJUANA
### [21 U.S.C. § 841(a)]

On or about August 27, 2025, in the District of Kansas (13th Street store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 11

### DISTRIBUTION OF MARIJUANA
### [21 U.S.C. § 841(a)]

On or about September 24, 2025, in the District of Kansas (West St. store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 12

**DISTRIBUTION OF MARIJUANA**
**[21 U.S.C. § 841(a)]**

On or about September 24, 2025, in the District of Kansas (Maize Rd. store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 13

**DISTRIBUTION OF MARIJUANA**
**[21 U.S.C. § 841(a)]**

On or about September 24, 2025, in the District of Kansas (Mead St. store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 14

**DISTRIBUTION OF MARIJUANA**
**[21 U.S.C. § 841(a)]**

On or about September 24, 2025, in the District of Kansas (Douglas St. store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 15

**DISTRIBUTION OF MARIJUANA**
**[21 U.S.C. § 841(a)]**

On or about October 24, 2025, in the District of Kansas (Greenwich St. store), the defendant,

**JUSTIN LANE,**

knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of marijuana, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 16

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, that is,

a Kimber, Model Stainless Ultra Carry II, .45 ACP caliber pistol; and
a IO Inc., Model AK47C, 7.62x39 caliber rifle;

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 17

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a short-barreled shotgun (an RIA USA Mfg., Model VRF14, 12 gauge firearm), not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 18

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a short-barreled rifle (a Palmetto State Armory, Model PA 15, 5.56 caliber firearm), not registered to him in the National Firearms Registration and Transfer Record,

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 19

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 89), not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 20

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 129), not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 21

### POSSESSION OF AN UNREGISTERED FIREARM
### [26 U.S.C. § 5861(d)]

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 130), not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 22

### POSSESSION OF AN UNREGISTERED FIREARM
### [26 U.S.C. § 5861(d)]

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 179), not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 23

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 180),

not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 24

**POSSESSION OF AN UNREGISTERED FIREARM**
**[26 U.S.C. § 5861(d)]**

On or about November 13, 2025, in the District of Kansas, the defendant,

**JUSTIN LANE,**

unlawfully and knowingly possessed a firearm, that is, a silencer (ATF seized Item 181),

not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 25

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

Beginning on a date unknown and continuing through November 13, 2025 in the

District of Kansas, the defendant,

**SAUNTSYE D. LOVE,**

knowingly and intentionally possessed with intent to distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## FORFEITURE NOTICE

1.  The allegations contained in Counts 1-24 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of one or more of the offenses set forth in Counts 1-24 of this Indictment, the defendant, **JUSTIN LANE**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offenses, including, but not limited to:

    A.  a HS Produkt, XDM, 9mm pistol, S/N: MG901430;
    B.  a Glock, Model 30, GEN4, .45 caliber pistol, S/N: BUSW572;
    C.  a Glock, Model 19, 9mm pistol, S/N: BXGR001;
    D.  a KELTEC, CNC Industries, Inc., PMR-30, .22 caliber pistol, S/N: W4603;
    E.  a Kimber, Stainless Ultra Carry, .45 caliber pistol, S/N: KU35309;
    F.  a Glock, Model 29, 10mm pistol, S/N: BTDT208;
    G.  a HS Produkt, XDM, 9mm pistol, S/N: M6360657;
    H.  a FNH, FN 15, multi-caliber rifle, S/N: FNG001845;
    I.  a Beretta, Model 21A, .22 caliber pistol, S/N: DAA015061;
    J.  a Glock, Model 19, GEN5, 9mm pistol, S/N: BWSR695;
    K.  a HS Produkt, Hellcat, 9mm pistol, S/N: BE394095;
    L.  a Glock, Model 30, .45 caliber pistol, S/N: NNM563;

  M. a Glock, Model 17, 9mm pistol, S/N: VDS049;
  N. a Springfield Armory, Saint Edge, 5.56 caliber rifle, S/N: SE93710;
  O. a RIA, VRF14, 12 gauge shotgun, S/N: 20-03838;
  P. a Glock, Model 23, .40 caliber pistol, S/N: LKH068;
  Q. a Chinese SKS, 7.62 caliber rifle, S/N: D2994;
  R. an Unknown, .22 caliber rifle, S/N: AP226798;
  S. an Unknown, 620 Huntmaster, 12 gauge shotgun, S/N: None;
  T. an Unknown, Mac 5K, 9mm pistol, S/N: TG161-25AE04082;
  U. a Palmetto State Armory, PA-15, multi-caliber pistol, S/N: SCB961947;
  V. an Izhmash, Saiga, 7.62 caliber rifle, S/N: H09606221;
  W. an I.O. Inc., AK47-C, 7.62 caliber rifle, S/N: 7068;
  X. an Unknown, 7.62 caliber rifle, S/N: RON2316841;
  Y. a DPMS INC., LR-308, .308 caliber rifle, S/N: 137985;
  Z. a Springfield Armory, Saint, multi-caliber pistol, S/N: T230618;
  AA. a Mossberg, Revelation, 12 gauge shotgun, S/N: H324929;
  BB. a North America Arms, NAA22, .22 caliber revolver, S/N: SW0111;
  CC. 5 Silencers from Unknown manufacturers; and,
  DD. Ammunition.

3. Upon conviction of one or more of the offenses set forth in Counts 1-3, 5-6, and 8-15 of this Indictment, the defendant, **JUSTIN LANE**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

  A. a HS Produkt, XDM, 9mm pistol, S/N: MG901430;
  B. a Glock, Model 30, GEN4, .45 caliber pistol, S/N: BUSW572;
  C. a Glock, Model 19, 9mm pistol, S/N: BXGR001;
  D. a KELTEC, CNC Industries, Inc., PMR-30, .22 caliber pistol, S/N: W4603;
  E. a Kimber, Stainless Ultra Carry, .45 caliber pistol, S/N: KU35309;
  F. a Glock, Model 29, 10mm pistol, S/N: BTDT208;
  G. a HS Produkt, XDM, 9mm pistol, S/N: M6360657;
  H. a FNH, FN 15, multi-caliber rifle, S/N: FNG001845;
  I. a Beretta, Model 21A, .22 caliber pistol, S/N: DAA015061;
  J. a Glock, Model 19, GEN5, 9mm pistol, S/N: BWSR695;

K.     a HS Produkt, Hellcat, 9mm pistol, S/N: BE394095;
L.     a Glock, Model 30, .45 caliber pistol, S/N: NNM563;
M.    a Glock, Model 17, 9mm pistol, S/N: VDS049;
N.     a Springfield Armory, Saint Edge, 5.56 caliber rifle, S/N: SE93710;
O.     a RIA, VRF14, 12 gauge shotgun, S/N: 20-03838;
P.     a Glock, Model 23, .40 caliber pistol, S/N: LKH068;
Q.     a Chinese SKS, 7.62 caliber rifle, S/N: D2994;
R.     an Unknown, .22 caliber rifle, S/N: AP226798;
S.     an Unknown, 620 Huntmaster, 12 gauge shotgun, S/N: None;
T.     an Unknown, Mac 5K, 9mm pistol, S/N: TG161-25AE04082;
U.     a Palmetto State Armory, PA-15, multi-caliber pistol, S/N: SCB961947;
V.     an Izhmash, Saiga, 7.62 caliber rifle, S/N: H09606221;
W.    an I.O. Inc., AK47-C, 7.62 caliber rifle, S/N: 7068;
X.     an Unknown, 7.62 caliber rifle, S/N: RON2316841;
Y.     a DPMS INC., LR-308, .308 caliber rifle, S/N: 137985;
Z.     a Springfield Armory, Saint, multi-caliber pistol, S/N: T230618;
AA.   a Mossberg, Revelation, 12 gauge shotgun, S/N: H324929;
BB.   a North America Arms, NAA22, .22 caliber revolver, S/N: SW0111;
CC.   5 Silencers and silencer parts from Unknown manufacturers; and,
DD.   Ammunition.

4.    Upon conviction of one or more of the offenses set forth in Counts 17-24 of this Indictment, the defendant, **JUSTIN LANE**, shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearm involved in the commission of the offenses, including, but not limited to:

A.     a RIA, VRF14, 12 gauge shotgun, S/N: 20-03838;
B.     a Palmetto State Armory, PA-15, multi-caliber pistol, S/N: SCB961947; and
C.     5 Silencers and silencer parts from Unknown manufacturers.

A TRUE BILL.

February 24, 2026             s/Foreperson
DATE                                    FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

> IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## PENALTIES

### Counts 1, 10-15:  21 U.S.C. §§ 846, and/or 841(a)(1) & (b)(1)(C)

- Punishable by a term of imprisonment of not more than 20 years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than 30 years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Counts 3, 4, 5, 6, 8, 9, 10: 21 U.S.C. § 856

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 4, 7: 18 U.S.C. § 924(c)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 16: 18 U.S.C. § 922**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 17-24: 26 U.S.C. §§ 5841, 5861(d) and 5871**

- Punishable by a term of imprisonment of not more than ten (10) years. 26 U.S.C. § 5871.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $10,000.  26 U.S.C. § 5871.

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 25:  21 U.S.C. § 841(a)(1) & (b)(1)(B)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.